UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID TURK and MARISSA TURK, individually and as the representative of all persons similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION; USAA CASUALTY INSURANCE COMPANY: USAA GENERAL INDEMNITY COMPANY; and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　　　　Defendants. | No.<br><br>**NOTICE OF REMOVAL** |

TO:        THE CLERK OF THE COURT;

AND TO:    David Turk and Marissa Turk, Plaintiffs;

AND TO:    Law Offices of Stephen M. Hansen, P.S., attorneys for Plaintiffs.

　　　PLEASE TAKE NOTICE that Defendants United Services Automobile Association ("USAA"), USAA Casualty Insurance Company ("CIC"), USAA General Indemnity Company ("GIC"), and Garrison Property & Casualty Insurance Company ("Garrison"), in

NOTICE OF REMOVAL – 1

accordance with the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 199 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d), 1446, and 1453, hereby remove to this Court the lawsuit captioned *Turk v. United Services Automobile Association, et al.*, No. 14-2-12880-6, filed in the Superior Court of the State of Washington in and for the County of Pierce (the "Action"). In support of this Notice of Removal, Defendants state:

**I.   INTRODUCTION**

1. On September 30, 2014, Plaintiffs David Turk and Marissa Turk filed this Action on behalf of themselves and a putative Class of plaintiffs. (*See* Ex. 1 ("Complaint"), attached hereto.)

2. The Complaint alleges that on November 17, 2013, Plaintiff Marissa Turk[1] was involved in an auto accident caused by an uninsured driver; that the cost of repair of the vehicle was $10,997.26; that USAA determined that the claim should be paid under her uninsured/underinsured motorists coverage ("UM/UIM"); that Plaintiff was without the use of vehicle until December 31, 2013 (a total of 44 days); and that USAA failed to compensate her for the "loss of use" of the vehicle by paying for a rental car. (Complaint ¶¶ 1.3-1.4.) Plaintiffs allege, among other things, that "USAA" (defined to include all Defendants) "routinely fails to inform and pay [loss of use] to its UIM insureds"; "failed to, and continues to fail to, disclose this pertinent coverage and benefit and did not adjust claims to address the damage, or pay the damages which results from its insured's loss of use"; "failed to inform Plaintiffs of the existence of coverage for loss of use damages and failed to pay the loss"; and, after Plaintiffs "several times" "requested that their loss in use be paid, USAA refused," leaving Plaintiffs "without the use of a vehicle for a lengthy period of time." (*Id.* ¶¶ 1.4, 1.8, 4.3, 5.6, 6.4.)

---

[1] The Complaint contains no specific allegations regarding Plaintiff David Turk.

NOTICE OF REMOVAL – 2

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

3. Plaintiffs define the putative Class as follows:

> All USAA [defined to include all Defendants] insureds with Washington policies issued in Washington State, where USAA determined the loss to be covered under the Underinsured Motorist (UIM) coverage, and their vehicle suffered a loss requiring repair, or the vehicle was totaled, during which time they were without the loss of use of their vehicle, for a day or more.
>
> Excluded from the Class are the assigned judge, the judge's staff and family, USAA employees, and claims for accidents occurring before September 3, 2008.

(Complaint ¶¶ 5.3-5.4.)

4. Plaintiffs allege that Defendants' conduct "has been systematic and continuous and has affected large numbers of [their] policy holders over time. Plaintiffs bring this class action to secure redress for [Defendants'] uniform and common practice of failing to inform [their] policyholders of the benefit available for their loss, and the pertinent benefit and coverage under the policy for the loss, and for [Defendants'] failure to pay the loss to the Plaintiffs and members of the Class. [Defendants'] conduct has been uniform throughout the Class Period." (*Id.* ¶ 5.1.) According to Plaintiffs, "[a]bsent a class action, due to the refusal of [Defendants] to inform [their] insureds about coverage for loss of use, the Class Members will continue to suffer damage and [Defendants'] conduct will proceed without effective remedy." (*Id.* ¶ 5.10.)

5. The Complaint brings a claim for breach of contract (*id.* ¶¶ 6.1 – 6.5) and explicitly seeks damages for the alleged breach of contract; injunctive, declaratory, and equitable relief; attorneys' fees and costs; interest; and "[s]uch other relief as deemed just and equitable" (*id.* at 9-10.)

6. As demonstrated below, this Action is removable pursuant to CAFA. The Action is a "class action" within the meaning of 28 U.S.C. §§ 1332(d)(1)(A), (B), and

**CORR CRONIN MICHELSON**
**BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1453(a);[2] the removal is timely; there is diversity of citizenship between Plaintiffs and Defendants; there are at least 100 putative plaintiff Class members; and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See id.* §§ 1332(d)(2), (d)(5)(B), (d)(6), 1441, 1446, 1453.

7. Intradistrict Assignment:  This Action was originally filed in the Superior Court in and for the County of Pierce, and is therefore removable to the Tacoma Division of this District.  *See* 28 U.S.C. § 1441(a); LCR 3(d); LCR 101(e).  Defendants reserve, and do not waive, any objection they may have to service, jurisdiction, or venue, and any and all other defenses or objections to the Action.

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule CR 101(b), Defendants have filed the Attorney Verification of State Court Record simultaneously with this Notice of Removal.  Defendants will also file with the Superior Court a copy of this Notice of Removal.

## II.   TIMELINESS OF REMOVAL

9. Plaintiffs filed the Action on September 30, 2014.  *See supra* ¶ 1. On October 3, 2014, Plaintiffs served the Washington State Insurance Commissioner with the Complaint and a summons directed to Defendants; the Commissioner forwarded those documents to CT Corporation (Defendants' agent for service of process), which received them on October 7, 2014. (*See* Ex. 1.)  This Notice of Removal is therefore timely.  *See* 28 U.S.C. §§ 1446(b), 1453.

## III.  DIVERSITY OF CITIZENSHIP

10. This Action satisfies CAFA's requirements for diversity of citizenship.

---

[2] The term "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  This action is brought by Plaintiffs pursuant to the Washington class action statute on behalf of a putative plaintiff class.

NOTICE OF REMOVAL – 4

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

11. Under CAFA, complete diversity of citizenship no longer is required. Instead, CAFA requires only "minimal diversity": "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See id.* § 1332(d)(2)(A). Moreover, under CAFA the citizenship of unincorporated associations is now treated like that of corporations: "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *Id.* § 1332(d)(10).

12. In this Action there not only is minimal diversity, but complete diversity. As Plaintiffs admit, Plaintiffs are citizens of Washington (Complaint ¶¶ 2.3, 3.1) and Defendants are all citizens of Texas (*id.* ¶¶ 2.4, 3.2). Defendant USAA is a reciprocal interinsurance exchange (an unincorporated association) organized under the laws of the State of Texas, with its principal place of business in Texas; and Defendants CIC, GIC, and Garrison are all Texas corporations with their principal places of business in Texas. (*See* A. Bush Decl. ¶¶ 9-12.) Because Defendants are Texas citizens, and Plaintiffs are Washington citizens, complete diversity exists.

13. Plaintiffs' allegation that there is no diversity is wrong. (*See* Complaint ¶ 2.6.) Contrary to Plaintiffs' contention, the "home state" and "local controversy" exceptions to CAFA jurisdiction are inapplicable here: those exceptions apply only if the defendants are citizens of the forum state. *See* 28 U.S.C. §§ 1332(d)(4)(A), (d)(4)(B); *see also id.* § 1332(d)(3). As Plaintiffs admit, no Defendant is a citizen of Washington.

**IV. NUMBER OF PUTATIVE PLAINTIFF CLASS MEMBERS**

14. Under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more. *See* 28 U.S.C. § 1332(d)(5)(B).

15. Here, the number of putative plaintiff Class members is at least 100. Plaintiffs allege that there are "around 5,000 Class members." (Complaint ¶ 5.5.) Moreover, although Defendants deny that the proposed Class and claims are proper, for purposes of this Notice

NOTICE OF REMOVAL – 5

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Defendants agree that CAFA's requirement is satisfied here. (*See* A. Bush Decl. ¶ 20.) This CAFA requirement is therefore satisfied.

## V.     THE AMOUNT IN CONTROVERSY

16.     Defendants dispute that Plaintiffs have stated any viable claims, and also dispute that Plaintiffs and the putative Class members are entitled to any relief. Nevertheless, it is evident from the allegations of the Complaint and the nature of Plaintiffs' claims that the amount in controversy exceeds CAFA's jurisdictional threshold of $5,000,000, exclusive of interest and costs. *See, e.g.*, *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

17.     First, Plaintiffs claim that the average value of the putative class members' claims is $140. (Complaint ¶ 2.2.) Although Defendants dispute this figure, and dispute that the class members would be entitled to any recovery, they will accept this figure for purposes of the Notice of Removal.[3] Defendants have determined that a conservative estimate for the number of claims comprehended within the class definition is more than 18,360. (*See* Bush Decl. ¶ 21.) Thus, the alleged compensatory damages of the putative class members is at least $2,570,400 (18,360 claims x $140/claim).

18.     Second, Plaintiffs also seek injunctive relief (*see* Complaint ¶ 5.1; *id.* at 9), the value of which must also be included in the amount in controversy. *See, e.g.*, *Tuong Hoang v. Supervalu Inc.*, 541 Fed. App'x 747, 748 (9th Cir. 2013). Here, the average number of claims annually over the last three years is more than 3,446. (*See* A. Bush Decl. ¶ 21.)[4] Thus, the yearly value of an injunction (using Plaintiffs' $140/claim figure) would be at least $482,440.

---

[3] Plaintiffs contend that their individual claim is much higher: $1,540. (Complaint ¶ 2.2.)

[4] Defendants used the figures from September 3, 2011 through July 31, 2014, and extrapolated the numbers for the last year to September 3, 2014. (*See* A. Bush Decl. ¶ 21.)

NOTICE OF REMOVAL – 6

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  A three-year injunction would therefore add at least $1,447,320 to the amount in controversy;
2  a four-year injunction would add at least $1,929,760.

3       19.   Third, Plaintiffs also request attorneys' fees (*see* Complaint at 10), which must
4  be included in the amount in controversy.  *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d
5  1150, 1156 (9th Cir. 1998).  "In class claims, courts in the Ninth Circuit may employ a 25%
6  'benchmark' in calculating awardable fees."  *Levy v. Salcor, Inc.*, No. C14-5022 BHS, 2014
7  WL 775443, at *5 (W.D. Wash. Feb. 25, 2014).  This 25% benchmark would yield anywhere
8  from more than $1,004,400 to $1,125,000 (25% of the value of the compensatory damages
9  and injunctive relief (either three or four years))—and that is *before* including the value of
10 treble damages.[5]  Thus, CAFA's jurisdictional minimum is satisfied based on the relief
11 explicitly sought in the Complaint.

12      20.   Finally, although the Complaint does not explicitly seek treble or punitive
13 damages, the allegations in the Complaint are such that these types of damages are implicated
14 in this case for purposes of evaluating federal jurisdiction on removal, and therefore are
15 appropriately included in the amount in controversy.  The fact that Plaintiff has not explicitly
16 demanded treble damages in the Complaint is irrelevant for purposes of determining the
17 amount in controversy:  if such damages are potentially available, Plaintiff has put them "in
18 controversy."  *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) (even
19 when a plaintiff "did not explicitly request punitive damages . . . the potential for such
20 damages may still be considered for purposes of the amount in controversy"); *see also*
21 *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348-50 (2013) (class representative has
22 no authority to attempt to reduce value of putative class claims in order to evade federal
23 jurisdiction); *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013)

---

[5] If the value of treble damages (and a three-year injunction) were included, *see infra* ¶ 21, a 25% benchmark award of fees would range from more than $2 million to $2.4 million.

NOTICE OF REMOVAL – 7

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  (court should "look beyond the complaint to determine whether the putative class action meets the jurisdictional requirements"); *Knowles v. Standard Fire Ins. Co.*, No. 4:11-CV-04044, 2013 WL 3968490, at *10 (W.D. Ark. Aug. 2, 2013) (including potential for punitive damages in amount in controversy in putative class action alleging only breach of contract).

21. Here, the Complaint repeatedly alleges that Defendants "refused" to disclose the benefits of insureds' coverage, and that such actions were "systematic and continuous and . . . affected large numbers of [their] policy holders over time." *See supra* ¶ 4. Such allegations suggest a claim by Plaintiff for violation of insurance regulations,[6] which in turn could give rise to claims under the Insurance Fair Conduct Act and the Consumer Protection Act. *See Schreib v. Am. Family Mut. Ins. Co.*, C14-0165JLR, 2014 WL 4187211, at *4 (W.D. Wash. Aug. 25, 2014) (IFCA); *see also St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.,* 165 Wn. 2d 122, 129 (2008) (CPA). The limitations periods for IFCA and CPA claims are three and four years, respectively. *See, e.g.*, *Walker v. Metropolitan Prop. & Cas. Co.*, No. C12-0173JLR, 2013 WL 942554, at *5 (W.D. Wash. Mar. 8, 2013) (IFCA); RCW 4.16.080(2); RCW 19.86.120 (CPA). Thus, anywhere from $4.3 million to $5.8 million (for three of four years' worth of treble damages) must be added to the amount in controversy for purposes of evaluating federal jurisdiction on removal.[7]

22. Accordingly, the amount in controversy in this matter exceeds $5,000,000.00, exclusive of interest and costs.

---

[6] *See, e.g.*, WA ADC 284-30-350(1) ("No insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented").

[7] *See supra* note 4 (extrapolating last year of figures).

NOTICE OF REMOVAL – 8

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

| | | |
|---|---|---|
| 1 | Dated: November 3, 2014 | s/ Michael Moore |
| 2 | | s/ David Edwards |
| | | Michael A. Moore, WSBA No. 27047 |
| 3 | | David Edwards, WSBA No. 44680 |
| | | CORR CRONIN MICHELSON |
| 4 | | BAUMGARDNER & PREECE LLP |
| | | 1001 Fourth Avenue, Suite 3900 |
| 5 | | Seattle, WA  98154-1051 |
| | | Tel:  (206) 625-8600 |
| 6 | | Fax:  (206) 625-0900 |
| | | mmoore@corrcronin.com |
| 7 | | dedwards@corrcronin.com |
| 8 | | Attorneys for Defendants |

NOTICE OF REMOVAL – 9

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**DECLARATION OF SERVICE**

The undersigned declares as follows:

1. I am employed at Corr Cronin Michelson Baumgardner & Preece LLP, attorneys of record for Defendants.

2. On November 3, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Stephen M. Hansen
> Law Offices of Stephen M. Hansen, PS
> 1821 Dock Street, Suite 103
> Tacoma, WA  98402
> steve@stephenmhansenlaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

> N/A

DATED: November 3, 2014, at Seattle, Washington.

> *s/ David Edwards*
> David Edwards, WSBA No. 46680
> CORR CRONIN MICHELSON
> BAUMGARDNER & PREECE LLP
> 1001 Fourth Avenue, Suite 3900
> Seattle, WA  98154-1051
> Tel:  (206) 625-8600
> Fax:  (206) 625-0900
> dedwards@corrcronin.com

NOTICE OF REMOVAL – 10

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900